UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Tim Zane, | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-345 |
| v. | : |
| Asset Recovery Solutions, LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Tim Zane, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tim Zane ("Plaintiff"), is an adult individual residing in Rising Sun, Maryland, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, Asset Recovery Solutions, LLC ("ARS"), is an Illinois business entity with an address of 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018, operating as

a collection agency, is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by ARS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ARS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ARS for collection, or ARS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ARS Engages in Harassment and Abusive Tactics

12. ARS called Plaintiff's cellular telephone, number 410-XXX-0442, in an attempt to collect the Debt from James Zane (the "Debtor").

13. Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

14. ARS called Plaintiff from telephone number 847-257-8336.

15. ARS called Plaintiff using an automated telephone dialing system ("ATDS" or

"Predictive Dialer").

16. When Plaintiff answered calls from ARS he heard silence and said "Hello" a few times before being connected to a live representative.

17. On more than one occasion, Plaintiff spoke with a representative from ARS and explained that he was not the Debtor and that the Debtor could not be reached at Plaintiff's cellular telephone number.

18. Nevertheless, ARS continued to call Plaintiff's cellular telephone in an attempt to reach the Debtor.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

33. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

34. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

35. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TCPA–47 U.S.C. § 227, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

38. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

39. Defendants' telephone systems have some earmarks of a Predictive Dialer. When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

40. Plaintiff never provided his cellular telephone number to Defendants and never provided his consent to be called by Defendants.

41. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

43. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

44. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

49. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

50. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls for the Debtor after being informed that the Debtor could not be reached at Plaintiff's cellular telephone number.

51. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

52. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

7

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 9, 2015

        Respectfully submitted,

        By   /s/ Sergei Lemberg
        Sergei Lemberg, Esq.
        LEMBERG LAW L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        ATTORNEYS FOR PLAINTIFF